United States District Court
Southern District of Texas
**ENTERED**
October 19, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANABELIS MARIA ALVAREZ MORA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-7323 |
| | § | |
| WARDEN, et al., | § | |
| | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

On September 1, 2026, Petitioner filed her Verified Petition for Writ of Habeas Corpus and Declaratory and Injunctive Relief for an Order to Show Cause ("Habeas Petition") (Docket Entry No. 1), arguing that her detention without a bond hearing violates due process.[1] On September 28, 2026, the court entered a memorandum opinion and order granting in part Petitioner's Habeas Petition and ordering Respondents to either provide Petitioner with a bond hearing or release her.[2] On October 19, 2026, Respondents filed an exhibit showing that Petitioner has been released from custody.[3]

A federal court must dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the plaintiff's claims. Home Builders Assoc' of Miss., Inc., v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998). "Under Article III of the Constitution this Court may only adjudicate actual, ongoing

[1]Habeas Petition, Docket Entry No. 1, pp. 10–12 ¶¶ 26–38. For the purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Memorandum Opinion and Order, Docket Entry No. 7, p. 3.

[3]Order of Release on Recognizance, Exhibit 1 to Notice of Release, Docket Entry No. 8-1, pp. 1–4.

controversies." Honig v. Doe, 108 S. Ct. 592, 601 (1988). "Mootness has two aspects: 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" United States Parole Comm'n v. Geraghty, 100 S. Ct. 1202, 1208 (1980) (quoting Powell v. McCormack, 89 S. Ct. 1944, 1951 (1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot. With the designation of mootness comes the concomitant designation of non-justiciability." American Med. Ass'n v. Bowen, 857 F.2d 267, 270 (5th Cir. 1988) (citations omitted).

Because Petitioner is no longer in custody, this action is moot. Accordingly, it is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

The Clerk shall provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 19th day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE